HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KATHLEEN BOWIE, et al.,

    Plaintiffs,

    v.

H&K TRUCKING, et al.,

    Defendants.

CASE NO. C13-1603RAJ

ORDER TO SHOW CAUSE

The parties have jointly moved to continue the trial date and related dates. The court DENIES that motion. Dkt. # 17. The court's order setting the trial date and related dates informs the parties that it will alter deadlines only on a showing of good cause. The motion before the court does not establish good cause. It states that "[c]ounsel for defendants has changed," although the only change is the substitution of attorneys from the same law firm. It states that the December 8, 2014 trial date conflicts with defense counsel's schedule, but there is no evidence establishing that conflict, and no description of that conflict. The parties cite an inability to retain experts until they obtain additional records, but they do not explain what records they need, why they have been unable to obtain them, why experts need to review them, what experts the parties have retained or intend to retain, or the subjects on which those experts would offer testimony. The court also observes that the first set of deadlines the parties seek to continue falls on June 11, and the parties have offered no explanation of why they cannot meet those deadlines,

ORDER – 1

much less deadlines that come later.  Finally, the parties request a four-month continuance without explaining why a shorter continuance would not suffice.

Putting aside the parties' motion for continuance, the court questions whether it has subject matter jurisdiction.  Defendants removed this case from King County Superior Court on the basis of diversity of citizenship between the parties.  The complaint asserts that Defendant H&K Trucking is an Oregon company, although it does not allege in what state H&K Trucking has its principal place of business.  More importantly, the complaint alleges that Defendant Gordan Smith and his marital community are citizens of Clark County, Washington.  Plaintiffs allege that they are Washington residents as well.  In short, the complaint alleges that the parties are not of diverse citizenship.

In their notice of removal, Defendants state that Mr. Smith is a resident of Hermiston, Oregon.  The notice is silent as to the domicile of his marital community.  The only support for Defendants' assertion as to Mr. Smith's citizenship is a reference to "Smith Decl. and Ex. A., Complaint."  The complaint, as the court has just noted, asserts that Mr. Smith is a resident of Washington.  The only "Smith Decl." filed concurrently with the notice of removal is a declaration from Defendants' former counsel.  It contains no evidence of Mr. Smith's domicile.

Accordingly, the court orders Defendants to show cause why the court should not remand this action to King County Superior Court for lack of subject matter jurisdiction.  Defendants shall respond to this order in a written submission, including supporting evidence, establishing the domicile of all Defendants.  That written submission is due no later than May 14, 2014.

Dated this 30th day of April, 2014.

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 2